**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|   |   |
|---|---|
| **LASHENA D. GASTON,** \* | |
| \* | |
| Plaintiff, | |
| \* | |
| v. | Case No.: PWG-12-2343 |
| \* | |
| **PNC BANK, NATIONAL ASSOCIATION,** | |
| \* | |
| Defendant. | |
| \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses and disposes of the Motion of Defendant to Dismiss, or in the Alternative, for Summary Judgment that Defendant PNC Bank, National Association ("PNC") filed, ECF No. 10. Plaintiff Lashena D. Gaston has not filed a response, despite two orders granting Plaintiff additional time to do so, and the time for doing so now has passed. *See* ECF Nos. 13 & 16. A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, Defendant's Motion, which I shall treat as a Motion to Dismiss, is GRANTED.

**I.    BACKGROUND**

Prior to this lawsuit, lender National City Mortgage, through its trustees ("Trustees"), filed a foreclosure action, *Dore v. Gaston* ("Foreclosure Action"), in the Circuit Court for Prince George's County with regard to a mortgage on 6101 Holton Lane, Temple Hills, Maryland

20748, the property that Gaston owned and where she resided (the "Property").[1]  Compl. 1 & ¶ 14, ECF No. 2; *see also* Deed of Trust, Compl. Ex. 9, ECF No. 2-9.  PNC was the "mortgage servicer" for the Property, and as such was "the entity that engages in collection efforts on behalf of the lender or secured party."  Compl. ¶¶ 15–16 & 29.1.  PNC is also "the successor to National City Mortgage Co."  Notice of Removal ¶ 5, ECF No. 1.  Gaston could not pay the mortgage, Compl. ¶ 17, and sought to sell the Property through a short sale, *id*. ¶¶ 19–20.  PNC would not approve the sale, stating that it "was not an arms length transaction," even though, according to Gaston, "PNC knew that the short sale offer was an arms length transaction."  *Id*. ¶¶ 22–23.  PNC also stated that "all required investors failed to approve the assistance request," which Gaston claims is a "false[]" reason for PNC's denial.  *Id*. ¶ 26.  Gaston filed a Motion to Stay and Dismiss, *id.* ¶ 3, which the state court denied, finding that there was no "legal support for [Gaston's] proposition that the note holder was required to grant loss mitigation in the form of a short sale," and no "evidence of bad faith where Substitute Trustees have identified the specific proposed terms that the note holder found unacceptable."  *See* Order of [Circuit] Court 3, Pl.'s Compl. Ex. 6, ECF No. 2-6.

On June 20, 2012, during the pendency of the Foreclosure Action, Gaston filed suit[2] against PNC, stating that the Complaint "is related to actions of the Trustees, Thomas P. Dore, et al[.,] plaintiffs in *Dore v. Gaston*."  Compl. 1.  Gaston further stated that this lawsuit asserts claims against both "the mortgage servicer, PNC and the Trustees."  *Id*. ¶ 1.  She claimed that

---

[1] For purposes of considering Defendant's Motion, this Court accepts the facts that Plaintiff alleged in her Complaint as true.  *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011).  The Court also takes judicial notice of matters of public record.  *See Hasan v. Friedman & MacFadyen, P.A.*, No. DKC-11-3539, 2012 WL 3012000, at *1 & n.1 (D. Md. July 20, 2012); *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012).

[2] Gaston filed suit in the Circuit Court for Prince George's County, and PNC removed the case to this Court.  ECF No. 1.

PNC "us[ed] unfair and deceptive trade practices by making false statements of material fact in connection with the servicers' written denial of [Gaston's] hardship request, [and] citing false reasons for Note Holder's failure to approve a short sale of the property which is subject to foreclosure." *Id.* Gaston alleged violations of the Maryland Consumer Protection Act (Count One), fraud (Count Two), promissory estoppel (Count Three), negligence (Count Four), and negligent misrepresentation (Count Five). *Id.* ¶¶ 32–63.

On the same day, Gaston filed an Emergency Motion for Stay of Foreclosure Sale in the Foreclosure Action, alleging that "PNC, as mortgage servicer, directs its attorneys to file a foreclosure sale, when there is actually no default because the homeowner is entitled to a modification," such that PNC "is subject to liability." *See* Gaston's Mot. for Stay 1–2, Def.'s Mot. Ex. 1, ECF No. 10-2. Gaston alleged that the suit she filed against PNC—the suit currently before this Court—hinged on her claim in this suit that she did not default on the loan. *Id.* at 2. As grounds for the stay, Gaston argued that if the foreclosure sale, scheduled for June 22, 2012, went through, it would "act[] as *res judicata* to the issue of a foreclosure-triggering default." *Id.* The state court held a hearing on June 21, 2012 and denied the motion, permitting the "Substitute Trustees [to] proceed with the foreclo[su]re sale scheduled for 06-22-12," in an order dated June 21, 2012 and filed on June 27, 2012. *See* State Court Docket, Def.'s Mot. Ex. 2, ECF No. 10-3. On August 23, 2012, the state court issued an order ratifying the subsequent sale of the Property. *See id.* Thereafter, PNC filed the Motion to Dismiss currently before this Court.

## II.   DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency

3

<in...

of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  However, if an affirmative defense "'clearly appears on the face of the complaint,'" the Court may rule on that defense when considering a motion to dismiss.  *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citation and quotation marks omitted)).

One such affirmative defense is res judicata, which "'bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'"  *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted).  When considering this defense, "'a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.'"  *Kalos*, 2012 WL 6210117, at *2 (quoting *Andrews*, 201 F.3d at 524 n.1).  Additionally, "[w]here res judicata is based on a state court judgment, federal courts must 'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'"  *Id.* (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982)).

Here, the prior proceeding was in a Maryland state court, and therefore, this Court will apply Maryland law regarding res judicata.  *See id.*  Res judicata provides grounds for dismissal if a defendant demonstrates that "[1] the parties in the present litigation are the same or in privity with the parties to the earlier dispute; [2] the claim presented in the current action is identical to the one determined in the prior adjudication; and [3] there has been a final judgment on the

merits." *Id*. (quoting *Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005)); *see Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (stating similar elements under federal law).  Even if the plaintiff's legal theory differed in the earlier dispute, res judicata still may bar the current action, provided that "the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Ohio Valley Envtl. Coal.*, 556 F.3d at 210 (citation and quotation marks omitted); *see Reid*, 2012 WL 6562887, at *3 (quoting *Ohio Valley Envtl. Coal.*)

As noted, the Trustees previously filed suit against Gaston in the Circuit Court for Prince George's County.  The Trustees, who filed suit on behalf of PNC's predecessor-in-interest National City Mortgage, are in privity with Defendant PNC.  *See Hasan v. Friedman & MacFadyen, P.A.*, No. DKC-11-3539, 2012 WL 3012000, at *7 (D. Md. July 20, 2012) (noting that trustees in prior foreclosure action were in privity with named defendant in case before the Court because "in the foreclosure action [they] were acting to enforce the rights of [the named] defendant," and " '[p]rivity exists when a non-party to the earlier litigation is 'so identified with a party . . . that he represents precisely the same legal right in respect to the subject matter involved.'" (quoting *Vaeth v. Mayor of Baltimore*, No. WDQ-11-182, No. 2011 WL 4711904, at *2 (D. Md. Oct. 4, 2011))).  Moreover, although the Trustees are not named defendants in this case, Plaintiff's intent to include them in this lawsuit is evident in her statement that this lawsuit asserts claims against both "the mortgage servicer, PNC and the Trustees."  Compl. ¶ 1; *see Hasan*, 2012 WL 3012000, at *7 n.8; *McMillan v. Bierman, Geesing, Ward & Wood LLC*, No. WMN-11-2048, 2012 WL 425823, at *4 (D. Md. Feb. 8, 2012) (finding privity where plaintiff "'rooted'" her complaint "'in the premise that the Defendants in the instant action are the same

as the parties to the foreclosure action or in privity with them'") (citation omitted). Thus, the first element of res judicata is present. *See Kalos*, 2012 WL 6210117, at *2.

As for the current claim being the same as the previous claim, *see Kalos*, 2012 WL 6210117, at *2, the Court considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage," *Hasan*, 2012 WL 3012000, at *7. Of note, in *McCreary v. Beneficial Mortgage Co.*, No. AW-11-1674, 2011 WL 4985437, at *3 (D. Md. Oct. 18, 2011), this Court stated that "[a]ny claim that Defendants' conduct in enforcing the Deed of Trust was abusive or wrongful should have been raised as an exception during the foreclosure proceeding itself." Plaintiff now claims that PNC "ma[de] false statements of material fact" when it denied her "hardship request," and provided "false reasons" for denying the short sale of the Property. Compl. ¶ 1. Gaston could have, and indeed should have, made these claims in the previous action, because this case "arises out of the same transaction or series of transactions as the claim resolved" in state court, namely the foreclosure on Gaston's Property. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210; *Hasan*, 2012 WL 3012000, at *7; *McCreary*, 2011 WL 4985437, at *3. Therefore, the second element of res judicata is present as well. *See Kalos*, 2012 WL 6210117, at *2.

Additionally, the state court entered a final judgment on the merits in the earlier dispute when it issued an order ratifying the sale of the Property after permitting the Trustees to proceed with the foreclosure. *See Hasan*, 2012 WL 3012000, at *7 (concluding that "the circuit court's December 8, 2010, ratification order was clearly a final judgment on the merits of the foreclosure proceeding"). Thus, the third element of res judicata also is present. *See Kalos*, 2012 WL 6210117, at *2.

In sum, all of the elements of res judicata are present, and it is clear that Gaston "had a full and fair opportunity to litigate her claims against Defendant[] or [its] privies during the foreclosure proceeding." *See Hasan*, 2012 WL 3012000, at *8. Res judicata bars the case currently before this Court, and Defendant's Motion to Dismiss is GRANTED on that ground.[3]

### III.  CONCLUSION

Defendant has shown the applicability of the affirmative defense of res judicata to Plaintiff's Complaint. On that basis, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED. The Clerk shall CLOSE this case.

So ordered.

Dated: January 10, 2013

/S/
Paul W. Grimm
United States District Judge

lyb

---

[3] Defendant also argues for dismissal on the ground that "none of the five counts in Plaintiff's Complaint state a legally cognizable cause of action under Maryland law." Def.'s Mot. 1. The Court need not address this argument because res judicata bars all of Plaintiff's claims.